Ike Sein DAR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71985.
Agency No. A76–369–806.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Marc A. Karlin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Ike Sein Dar, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's adverse credibility determination, *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam), and deny the petition for review.

The IJ identified material inconsistencies within Dar's testimony, as well as discrepancies between his testimony and the written declaration submitted as part of his asylum application. Because these inconsistencies concern the basis of his fear of future persecution and his motives for leaving Burma, they go to the heart of his asylum claim, and substantial evidence supports the adverse credibility determination. *See id.* Because Dar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

